CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 10 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CHERYL L. MIZE, | ) | CASE NO. 4:05CV00038 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's protectively filed January 7, 2003 claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 42 years old with a GED and some college education and past relevant work as a delicatessen clerk, assistant manager of a convenience store, furniture assembler, store clerk, and a fast food worker, was insured for benefits through the date of his June 10, 2004 decision and had not engaged in substantial gainful

activity since her alleged date of disability onset, July 22, 2002. (R. 15.) The Law Judge further found that plaintiff suffered lumbar and knee degenerative joint disease/osteoarthritis and obesity, which are severe impairments, though not severe enough to meet or equal any listed impairment.[1] (*Id.* at 21.) The Law Judge was of the view that plaintiff's allegations of debilitating pain were exaggerated, that her testimony about her symptoms was generally "not credible," and that she retained the residual functional capacity to perform less than a full range of sedentary work requiring lifting up to ten pounds occasionally and five pounds frequently, and standing from time to time. (*Id.* at 23-26) Because plaintiff possessed the residual functional capacity for less than the full range of sedentary work, the Law Judge further determined that plaintiff could not perform her past relevant work. (R. 24, 26.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations and by relying on testimony provided by the vocational expert (VE), the Law Judge concluded that jobs, such as a sedentary production inspector[2], a cashier, general office clerk, and a sedentary interviewer were available to plaintiff, and that she was not disabled under the Act. (R. 25.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision. (R. 4-6.) Accordingly, the Appeals Council denied review and adopted the Law

---

[1]The Law Judge observed that, although plaintiff reported a history of bilateral carpal tunnel release and an inability to perform household tasks, she did not allege residuals from bilateral carpal tunnel release. He concluded that the objective medical evidence did not show the existence of more than a minimal effect on plaintiff's functional capacities for the requisite twelve month period and, thus, she did not suffer a severe carpal tunnel impairment. (R. 21.)

[2]The Law Judge noted that the job of production inspector is not consistent with the Dictionary of Occupational Titles (DOT) which requires that a sedentary position have a sit/stand option. (Tr. at 25.)

Judge's decision as the final decision of the Commissioner. This action ensued.

In a brief filed in support of her motion for summary judgment, plaintiff contends that the hypothetical question posed to the VE by the Law Judge did not comply with the specific requirements set forth in SSR 96-9p[3], which applies to determining whether a plaintiff who can perform a limited range of sedentary work is able to make an adjustment to other work.[4] Specifically, plaintiff contends that the hypothetical questions presented to the VE did not adequately represent the limitations caused by her carpal tunnel syndrome.

Next, plaintiff asserts that the Law Judge ignored the fact that, when the plaintiff problems falling were taken into account by the VE, he opined that she would not be able to perform other jobs. Although the VE testified that plaintiff could not hold a job if she was subject to falls as she related, the Law Judge found plaintiff's allegations regarding her physical limitations, including her being prone to falling, were not supported by the record. This, of course, raises the question of whether the Law Judge's credibility determination is supported by substantial evidence.

Finally, plaintiff takes the position that the Law Judge and Commissioner did not properly evaluate the combined or synergistic effects of plaintiff's maladies. 20 C.F.R. § 404.1523. In particular, she asserts that Law Judge failed to properly assess the effect of plaintiff's obesity on

---

[3]Plaintiff has erroneously referred to the relevant Social Security Ruling as "SSR-96p."(Pl's Memorandum in Support, p. 3.)

[4]SSR 96-9p provides that in those cases where the claimant is not capable of performing of a full range of sedentary work, the Law Judge must make an individualized determination.

her ability to perform work-related activities.[5]

A review of the hearing transcript reveals that the hypothetical that the Law Judge presented plaintiff's limitations almost exactly as she stated them in her testimony to the VE for his consideration. (R. 270-272.)[6] He testified that jobs would be available to a person with these limitations. Whether plaintiff is unstable and prone to falling is a fact that is in dispute in this record. She stated she was prone to falling, while there are entries from her treating sources indicating she was stable during the relevant period. (R. 151, 162.) This is a conflict in the evidence which the Commissioner had the responsibility to resolve, and it is the undersigned's view that her resolution of the conflict has evidentiary support. Furthermore, while plaintiff's obesity is a vocational factor, the VE did not believe it would preclude her from performing the jobs he identified in his testimony. That decision, too, is supported by the substantial evidence in the case.

Moreover, the Law Judge's decision about plaintiff's credibility and her residual functional capacity is based, in substantial part, upon her own evidence concerning her daily activities. These activities are a regulatory factor for the Commissioner to consider in determining a claimant's work-related abilities, so long as they activities are vocationally relevant. 20 C.F.R. §§ 404.1529(c)(3)(I) and 416.929(c)(3)(I). There is no question on this record that, notwithstanding her multiple maladies and their effects, including her obesity, plaintiff's daily activities, when coupled with the evidence from her own medical sources as well as the

---

[5] At the time of the hearing before the Law Judge, plaintiff was 5'4" and weighed 295 pounds.

[6] Plaintiff testified that she could type 30 minutes before needing a break.(R. 246.)

consultative state agency reports, were such that a reasonable person could conclude her complaints of pain were excessive or exaggerated and not supported by the clinical medical evidence. It is noted, that plaintiff's own treating physician, John P. McGee, M.D., was of the view that she could perform some form of sedentary work. (R. 204.)

While the undersigned might not have reached the same conclusion on this evidence as that reached by the Commissioner, her final decision is supported by substantial evidence. Accordingly, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

1/10/06
Date